UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN POLONSKI, et al.,<br><br>        Plaintiff(s),<br><br>  v.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>        Defendant(s). | No. C09-0038 BZ<br><br>**ORDER SCHEDULING COURT TRIAL AND PRETRIAL MATTERS** |

Following the Case Management Conference, **IT IS HEREBY ORDERED** as follows:

1. <u>DATES</u>

Trial Date: **Monday, 2/22/2010, 5 days**

Pretrial Conference: **Tuesday, 2/2/2010, 4 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 12/30/2009**

Last Day for Expert Discovery: **Friday, 11/20/2009**

Last Day for Rebuttal Expert Disclosure: **Friday, 11/13/2009**

Last Day for Expert Disclosure: **Friday, 11/6/2009**

Close of Non-expert Discovery: **Friday, 10/30/2009**

2. <u>DISCLOSURE AND DISCOVERY</u>

    The parties are reminded that a failure to voluntarily

1  disclose information pursuant to Federal Rule of Civil
2  Procedure 26(a) or to supplement disclosures or discovery
3  responses pursuant to Rule 26(e) may result in exclusionary
4  sanctions.  Thirty days prior to the close of non-expert
5  discovery, lead counsel for each party shall serve and file a
6  certification that all supplementation has been completed.
7       In the event a discovery dispute arises, **lead counsel** for
8  each party shall meet in person or, if counsel are outside the
9  Bay Area, by telephone and make a good faith effort to resolve
10 their dispute.  Exchanging letters or telephone messages about
11 the dispute is insufficient.  The Court does not read
12 subsequent positioning letters; parties shall instead make a
13 contemporaneous record of their meeting using a tape recorder
14 or a court reporter.
15      In the event they cannot resolve their dispute, the
16 parties must participate in a telephone conference with the
17 Court **before** filing any discovery motions or other papers.
18 The party seeking discovery shall request a conference in a
19 letter filed electronically not exceeding two pages (with no
20 attachments) which briefly explains the nature of the action
21 and the issues in dispute.  Other parties shall reply in
22 similar fashion within two days of receiving the letter
23 requesting the conference.  The Court will contact the parties
24 to schedule the conference.
25 3.   <u>MOTIONS</u>
26      Consult Civil Local Rules 7-1 through 7-5 and this
27 Court's standing orders regarding motion practice.  Motions
28 for **summary judgment** shall be accompanied by a statement of

the material facts not in dispute supported by citations to admissible evidence.  The parties shall file a joint statement of undisputed facts where possible.  If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree.  Any party may then file a separate statement of the additional facts that the party contends are undisputed.  A party who without substantial justification contends that a fact is in dispute is subject to sanctions. If plaintiff decides to proceed with this case without an attorney, she may wish to consult a manual the Court has adopted to assist *pro se* litigants in presenting their case. This manual is available in the Clerk's Office and online at **http://www.cand.uscourts.gov**.

    Plaintiff is advised that "[a] motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or

authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial." Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998).

In addition to **lodging** a Chambers copy of all papers, a copy of all briefs shall be e-mailed in WordPerfect or Word format to the following address: bzpo@cand.uscourts.gov.

4.   SETTLEMENT

This case is referred for assignment to a Magistrate Judge to conduct a settlement conference in November or December of 2009.  Counsel will be contacted by that judge's chambers with a date and time for the conference.

5.   PRETRIAL CONFERENCE

Not less than thirty days prior to the date of the pretrial conference, the parties shall meet and take all steps necessary to fulfill the requirements of this Order.

Not less than twenty-one days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in **Attachment 1**, and a proposed pretrial order; (2) serve and file trial briefs, Daubert motions, proposed findings of fact and conclusions of law, and statements designating excerpts from discovery that will be offered at trial (specifying the witness and page and line references); (3) exchange exhibits,

agree on and number a joint set of exhibits and number separately those exhibits to which the parties cannot agree; (4) deliver all marked trial exhibits directly to the courtroom clerk, Ms. Voltz; (5) deliver one extra set of all marked exhibits directly to Chambers; and (6) submit all exhibits in three-ring binders.  Each exhibit shall be marked with an exhibit label as contained in **Attachment 2**.  The exhibits shall also be separated with correctly marked side tabs so that they are easy to find.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed at pretrial, without leave of Court and for good cause.

Lead trial counsel for each party shall meet and confer in an effort to resolve all disputes regarding anticipated testimony, witnesses and exhibits.  Not less than eleven days prior to the pretrial conference, the parties shall serve and file any objections to witnesses or exhibits or to the qualifications of an expert witness, and any oppositions to Daubert motions.  There shall be no replies.

A copy of all pretrial submissions, except for exhibits, shall be e-mailed in WordPerfect or Word format to the following address: bzpo@cand.uscourts.gov.

At the time of filing the original with the Clerk's Office, two copies of all documents (but only one copy of the exhibits) shall be delivered directly to Chambers (Room 15-6688).  Chambers' copies of all pretrial documents shall be three-hole punched at the side, suitable for insertion into

1  standard, three-ring binders.

2  Dated: June 2, 2009

_____<br>
Bernard Zimmerman<br>
United States Magistrate Judge

G:\BZALL\-BZCASES\POLONSKI V. WASHINGTON MUTUAL\PRETRIAL SCHEDULING ORDER.wpd

## ATTACHMENT 1

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

7

```
 1         A brief description of the efforts the parties have
     made to resolve disputes over anticipated testimony,
 2   exhibits and witnesses.

 3              (A)  Witnesses to be Called. In
                     lieu of FRCP 26(a)(3)(A), a
 4                   list of all witnesses likely
                     to be called at trial, other
 5                   than solely for impeachment or
                     rebuttal, together with a
 6                   brief statement following each
                     name describing the substance
 7                   of the testimony to be given.

 8              (B)  Estimate of Trial Time. An
                     estimate of the number of
 9                   court days needed for the
                     presentation of each party's
10                   case, indicating possible
                     reductions in time through
11                   proposed stipulations, agreed
                     statements of facts, or
12                   expedited means of presenting
                     testimony and exhibits.
13
                (C)  Use of Discovery Responses. In
14                   lieu of FRCP 26(a)(3)(B), cite
                     possible presentation at trial
15                   of evidence, other than solely
                     for impeachment or rebuttal,
16                   through use of excerpts from
                     depositions, from
17                   interrogatory answers, or from
                     responses to requests for
18                   admission.  Counsel shall
                     state any objections to use of
19                   these materials and that
                     counsel has conferred
20                   respecting such objections.

21              (D)  Further Discovery or Motions.
                     A statement of all remaining
22                   motions, including Daubert
                     motions.
23
          (4) **Trial Alternatives and Options.**
24
                (A)  Settlement Discussion. A
25                   statement summarizing the
                     status of settlement
26                   negotiations and indicating
                     whether further negotiations
27                   are likely to be productive.

28              (B)  Amendments, Dismissals. A
```

8

                statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

       (C)   Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

## ATTACHMENT 2

| **USDC**<br>Case No. CV09-00038 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV09-00038 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
|---|---|
| **USDC**<br>Case No. CV09-00038 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV09-00038 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV09-00038 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV09-00038 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV09-00038 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV09-00038 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV09-00038 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV09-00038 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV09-00038 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV09-00038 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |

11